May it please the Court, Jeffrey Baker on behalf of the Appellants. Your Honors, this case has three central issues, but the third listed in our red brief is really Whether or not the Griffins, Jeff and Claudia Griffin, tried to invent something that later, or part of something of which later got put into the preamble, you may recall the Griffins were acting pro se. I'm a registered patent practitioner before the PTO. Would I have advised them to do that? No. Why? Because there's a clear risk. The clear risk, obviously, is that this Court has decided that there are specific criteria to consider when someone puts what they believe to be a claim term or an element of a claim into the preamble. Does it breathe life into the claim? Your problem, it seems to me, is that when they did this post-allowance amendment, they specifically told the examiner, this is at 844, is the term writing means is not an element of applicants' claims and does not appear in the new claims. So that would seem to be a pretty clear statement, would admit that the writing means is not a claim limitation. We believe that they didn't understand specifically what writing means meant. They didn't understand, and I realize that may sound trite or even funny, Judge Dyke, and I apologize. I don't mean to make light of it. I don't believe that the Griffins had a clear understanding of what they were doing. I mean, how can we excuse that? I mean, they can hire a patent agent or they can proceed pro se, but the prosecution history is what it is, and the prosecution history says it's not a claim limitation. So how can it be a claim limitation when they told the examiner it wasn't a claim limitation? I think we need to come back to what did they tell the examiner before that? And what they told the examiner and what the examiner in the patent office said was not only was it a claim term, it was something that they were relying on to overcome a 102B rejection. Well, perhaps, but don't we have to go with the last thing they told the examiner rather than something they said in the interim? No, I believe we have to look at the totality of the entire prosecution history. Well, what's unclear about the language that I read to you? What's unclear about that? It says specifically it's not a claim limitation. Well, what they took out was the writing means, and the actual language goes on to say, whereby a person can mark on the label without the need for a writing implement. That was always a part of the invention. That still is a part of the invention, and that was something they were trying to keep in. They were trying to take out a utensil. They were trying to look at what is it that the patent office is objecting to? What appears to be the problem? The problem appeared to be use of an implementation. Essentially, all of the prior art that was before the patent office, cumulative to that which the appellees had brought up. Where does the prosecution history say that there was a problem with claiming a writing instrument as such? Those were the actual pieces of prior art that were brought up. It was scratch-off labels so that you had... No, no. The prior art before the patent office wasn't scratch-off labels, was it? I looked at the three pieces of prior art. They were all peel-off labels. They weren't scratch-off labels, were they? I believe that at least one of them was a scratch-off. Could you show me? My understanding is they were all peel-off. I apologize, Judge. I can't show you right now, but that has always been my understanding of at least the Herbst, the German reference, that you could either peel or scratch off to reveal something that was pre-printed underneath, and perhaps right now I'm confusing it with that which the appellees have brought up. But I think we need to... Proceed on the premise that it is in the prior art. Certainly. I believe we need to continue to look at what it was that the inventors were trying to invent. Did they make a mistake? Should they be penalized for that? I'm certain that there are circumstances where that's the case, but if we don't look at the entire application, particularly with pro se applicants, you're right, Judge Dyke, they could have hired a patent practitioner. The reality is they did not. The reality is there are a lot of pro se applicants, and a lot of pro se applicants make minor mistakes that have massive ramifications that they never would have understood. Do you agree that if this were a prosecution handled by a patent agent that you'd lose? I think I might have to concede that, Judge. And particularly I would have to get back to what did I say? I'm a PTO registrant. I wouldn't have advised them, not because a priori you would not consider this to be a claim element, but there's a risk inherent. And trying to avoid risks is obviously a key part of prosecuting patents. The Griffins were trying to express in their own layman's terms, all right, what exactly is it we're trying to do here? They happened to take language from an actual claim element not in the preamble, and that's at A27. The patent office allowed that claim after a 102 rejection. For reasons I still cannot explain, the Griffins moved that claim element still to the preamble. But they also kept the element in one of the subordinate claims, not claim four. I believe that that's true. So how much weight? You cited the mixed precedent of this court with respect to the role of, let's call them limitations in the preamble. And at least looking at it and looking at those cases, it does appear that when the court said that the preamble does give life and provide the background and does serve to state the area to which the claim applies, then the preamble does take care of it. And whereas just a general statement saying an apparatus whereby, that it doesn't really add any limitation. But are you taking the position that only the precedent which comes out with a broad preamble and says it doesn't limit the claim? That is what the district court adopted, that the preamble did not limit the claim. Where is the error? Was it in the application of law to facts, the specific claim that we have to look at? Or is your sense that the precedent, the weight of precedent, does not deem the preamble to be limiting? Well, I think that the court erred because it didn't take a look at the entire prosecution. It didn't consider what was written on A27 where it was an element of the claims as originally written. It didn't consider indicia that would show how is it that we understand the intent of the entire invention. So as we argued, and the lower court as well, we need to understand how it is that we can look at specific indicia, including Judge Dyke. Look, later on they wrote. We're not looking to claim the writing means. Well, what did you mean by that? Did you mean that you were taking away a label that you could write on that was part of your invention without a writing implement? And we believe that the answer is no. They were not trying to take that out of their invention. There is clear reliance on the preamble language, as evidenced by them having it in the original elements themselves. So what we're looking at is, is there a question of fact that should be dealt with at the lower court level as to precisely what was the intention of the inventor at the time they were actually prosecuting the patent application and the invention. Is your perception, is this the only concern that you wish to raise with the decision on appeal? It is not. There are two other issues very quickly. One is dealt with on two very simple grounds. The judge and the lower court decided that there was no infringement. There was never any factual dispute, or I'm sorry, there was never any factual inquiry into whether or not there was infringement. There was a vast amount of evidence showing infringement. The appellees marked their product with the 448 patent number. The appellees appeared in many public statements stating that it was their invention, even though it was not. A60 is a DVD of one of the appellees on the Donnie Deutsch show, The Big Idea, lauding this as a great invention and his invention. We believe that he actually infringes on that DVD. And then the other issue is, getting back to what the prior art was, where is the anticipation? The art is cumulative that they bring up on the appellee's side to that which was before the patent office. There's no showing of how it's different. Every time that we look at it, what we see is either labels that can be scratched to reveal pre-printed matter, or things that are not labels. And so we don't feel that there's any anticipation, or at the very least, there are significant factual questions that remain as to whether or not there was anticipation. Okay. Thank you. Just very briefly, how would a label that could be scratched to reveal matter pre-printed or otherwise beneath the label not anticipate? I think it's a great question, Judge Bryson, and I think the answer is there's no real expression in writing something, or I'm sorry, in scratching something off to reveal something that said expired, for example, on a parking meter. You could have a thousand of those, and it wouldn't still solve the problem that the Griffins were trying to solve, which was, I'm at a party, and I want to actually say something. I understand, but that gets back to the question, really, doesn't it, of whether the preamble is a special, creates a subset of all cases in which you're scratching off the outer coating to reveal something beneath. It does, Judge, and we believe that they really do. That's why I said at the outset that's really the nub of this. I think the non-infringement issue is rather easily taken care of because there was no inquiry. The other two issues, a bit more difficult, as Judge Dyke certainly has pointed out. And with that, no. Okay. Thank you, Mr. Baker. Thank you. We'll save you a little time. Mr. Fish. Good morning. If it pleases the Court, Robert Fish on behalf of appellees. What I would like to do is just address the issue discussed already. With respect to the intent, it appears to me that what the appellees are trying to do is add a subjective intention to the claim language. And as far as I can tell, the courts have enough difficulty construing claims and determining validity and infringement and so forth based on the record without trying to go back and subjectively figure out what the basic intent of the inventor was. And in that regard, the discussion earlier was with respect to two pages in the appendix, A27, in which the appellees indicated what they thought the intent and the purpose and so forth of the claim was, what they were trying to claim. And I would submit that A27 was dealing with the claims at that time and that A44 was dealing with a different set of claims, in fact, completely different claims, not just amended claims. And they discussed what they thought was their intent or what they thought was the meaning of the claim terms at that time. And at that time, with respect to A44, they expressly disclaimed the patentable significance of the writing material. So, when we're talking about which... Writing means. Writing means, I'm sorry. So, I think that, in general, this court would do a great disservice to the bar and patenting to encourage attorneys and prosecutors and so forth to go back and look at some sort of subjective intent. With respect to... You say it's a disservice. I'm trying to understand how that fits with the district court's decision. I think the district court made its decision based on its claim construction. It appears to... Although it didn't expressly say so in the order. The district court referenced and appears to have adopted the claim construction of Marin. That is, the appellees in this case. And then the district court went on to say that the appellees, what is currently the appellees' arguments, are all based upon inclusion of or giving patentable significance to the particular language in the preamble. So, how do you rationalize the diversity of jurisprudence of this court? Some cases of which have considered the preamble as limiting and some of which have not. I don't see that it's in conflict in this circumstance, Your Honor. The Catalina case set forth several milestones or mild posts that this court finds to be significant in determining whether the preamble is a patentable distinction. And going through those milestones, mild posts, and we can go through them now if the court wishes, none of those support giving it patentable significance. But my point is that whether or not one gives it patentable significance makes no difference. What Judge Bryson was pointing out is that, or at least what I believe the judge was pointing out, is that even if there's writing underneath the covering, so that there's writing on the substrate, that doesn't stop someone from writing on top of it and making marks on top of it. So, for example, the common scratch board that children use, maybe the court's judges are familiar with this, is often multicolored on the underside of it. And you can use a pencil or a pen or a fingernail or whatever and scratch off the covering to make a butterfly or whatever you're going to do. And underneath, it'll be multicolored because it's printed underneath, the substrate is printed. That doesn't stop you from using that scratch board to make an image on top of it. And so even if the court were to give patentable significance to the preamble, it still makes no difference. The three prior references upon which the appellees are relying and apparently upon which the trial court relied in order to determine invalidity all provide spaces which are large enough, realistically, so that someone could use a pen or a fingernail or a coin or whatever to write on it. Now, for anticipation, as you know, the law requires that all of the limitations are present in one prior reference. Yes. So not the combination. Correct. So of the three, which reference do you say provides that anticipation? With respect to all four claims, Your Honor, it would be Levine reference. And I can go through that if the court wishes. In fact, one of the things that I wanted to point out to the court that this court would probably realize during deliberation is that the claim chart upon which the court apparently relied, which was provided by appellees, talks about invalidity of claims one through three but is silent with respect to invalidity of claim four. It talks about non-infringement of claim four. However, to try to avoid getting it remanded just with respect to claim four, claim four focuses on a backing. In other words, there's a label, there's a scratch-off part and a substrate. Then the other claims add, claim two adds an intermediate layer between those two layers. Claim three adds a sticky adhesive on the back. And claim four adds a backing, a peelable backing, basically, to the sticky. And if the court will look at the Levine reference, which I can point out quickly in the appendix, is at page A170. This is a computer-printed label sheet, and the labels are obviously meant to be peeled off the backing. So even though the parties did not discuss this— When you said obviously, but the issue before us is not obviousness, it's anticipation. Okay, I miss—that was probably a poor choice of words. I think there's no factual issue with respect to whether Levine teaches and shows peelable backing. It definitely shows it. I'm not sure what point you're making. If I understand correctly, they're essentially conceding that if the preamble is not a claim limitation, that there's anticipation. But what are you saying, that even if it is a claim limitation, there's still anticipation? Yes. Because the capability existed in the prior art? That's correct. And my understanding of the case law, especially in Ray Schreiber, is that if the prior art is capable of performing or satisfying, let's say, in an apparatus claim, all the elements of the claim, then either inherently or directly, then the claim is anticipated. All I was trying to point out is, let's say, a defect in the pleading and perhaps an unfortunate oversight of the trial court, that no one seems to have addressed claim four in validity. So I wanted to raise the issue to this Court that I think if the Court looks at Levine, the Court will immediately agree that Levine does have this appealable backing. I'm not sure. Maybe I've overlooked the... You say the Court did not address claim four? Yes, Your Honor. At A7, each of claims one through four are invalid. At the bottom, eight. Yes. Yes, I see that. Isn't that the Court addressing claim four? Yes, but there's no... The Court didn't go into detail, for example, in the form of a claim... The Court could have issued an order. It would have been perfunctory, but the Court would have been legally binding if the Court simply entered an order, all asserted claims are invalid, period. Judgment entered, right? Yes. All I was pointing out, and perhaps I shouldn't have even pointed it out, is that the Court seemed to have been relying in large measure on the claim chart that had been provided by the plaintiff. And in that claim chart did not address invalidity of claim four. But I don't hear your opposing counsel complaining about that. I know. I just didn't... My hope, of course, is that this Court will affirm the judgment below, and I didn't want the Court to go back in chambers and then have some law clerk find that problem two weeks from now and then we haven't addressed it. So I just wanted to point it out, that's all. And very quickly, with respect to no infringement... But it's a pretty conspicuous problem, is it not? I'm sorry? Anticipation requires that every element be present in a single prior art reference. Yes. Whether or not the District Court saw fit to go through every element of every claim you're saying is unnecessary, but on a summary judgment of anticipation, there must be, must there not, at least a facial, at least a prime of facial explanation of how the law is met in invalidating every claim? Yes. And I also understand that on summary judgment that this Court is reviewing the order de novo, and this Court, from my understanding, often makes its own decisions as to what is or is not anticipating based on the prior art of record. Anticipation is a question of fact. You have to draw inferences in favor of the non-movement. You're absolutely right. We have been known, perhaps, to fill gaps, but I think there's a limit to how many gaps can be filled. Yes, and my understanding of the summary judgment law is that if there's no material issue of fact, then, in fact, this Court would not have an issue, would not have a problem asserting and finding that the claims are infringed by Levine. Rendered invalid by Levine. Rendered invalid, yes. Sorry. With respect to infringement, to me, that's a red herring. If the Court finds, which it did, the trial court, that the patent is invalid, then there's no need to reach infringement. So, to me, I don't understand why that's even an issue at this point. That's all. Okay. Thank you, Mr. Fish. Thank you. Mr. Baker. Yes, Judge Newman. Just to start with why infringement is important, it's important because we believe you could find, as a matter of law, that if you find the patent to be valid, that you could then find, as a matter of law, that the patent is also infringed. That's why we put it in this context. But even if, for whatever reason, the requirements of anticipation are not met, that's not the end of your concern with validity, is it? Wouldn't the judge forego the issue of obviousness? That's true, Judge. And we also believe that you could find, as a matter of law, that the patent claims are not obvious. That's really not the crux of what we're saying. I think all three of you have recognized the crux of what we're saying is this preamble is a claim term limitation. As a result, there is no anticipation, or at least there is a question of fact that remains as to anticipation. I did want to point out specifically with respect to Levine that at A132, the claim chart that Mr. Fish referred to, Apelli's claim chart, literally, very poor choice of words, the Apelli wrote in all caps as to one of the claim elements, not literally satisfied. So Mr. Fish and the Apelli's are here to tell you that anticipation is based on Levine, and yet they're also admitting in their own papers, in their own claim chart at A132, that there's an element that is not literally satisfied. We're not asking this court to be very candid. We would love it. But we're not asking you to determine as a matter of law that there is no anticipation. You're absolutely right, Judge Newman. That's a question of fact for a jury. That's all we're asking is to have that decision be made by a jury. Likewise, with respect to infringement, would we appreciate it if you found as a matter of law that the patent is valid and infringed? Clearly, I don't believe, we don't believe that to be your function, but we do believe it to be your function to make sure that the right decision maker is ending up making the right decisions. And again, getting back to the preamble, which is the nub of the entire case, really, as I think Judge Wu rightly found out. And by the way, there were, I believe, four different arguments in the lower court about this, four oral arguments. I want to ask you about the point that you made about 132 and this claim chart. This is the patentee's claim chart, right? So it's not literally satisfied? Is that my question right now? That's the defendant's claim chart, right? This is the defendant's claim chart. Judge, to be honest with you, I didn't have a question. Well, it says at the bottom, just above the number 132, it says defendant's claim chart. So this is hardly an admission by the patentee that this element's not literally present in Levine? The opposite, Judge. I'm sorry. I believe it is an admission by the party asserting in Levine. Okay, I'm sorry. Not at all. But is this point about this element not being present in Levine, did you argue that in your opening brief? I'll be candid with you. I don't know. I believe so. If we didn't, we should have. Likewise, with respect to Claim 4, I'm going to be perfectly candid with you. We have always assumed because of what was written at the bottom of the page that Judge Bryson noted that the trial court was saying all four claims to be invalid. Perhaps it is best left to you as the decision makers to determine whether or not Judge Wu acted appropriately in making that determination based on what the appellees submitted to the lower court and also what Mr. Fish has said here today. Thank you. Thank you, Mr. Baker. Mr. Fish, the case is taken under submission.